IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEONORA GLUNT,** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **LIFE INSURANCE COMPANY** | : | |
| **OF NORTH AMERICA,** | : | **No. 11-3105** |
| Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                          **March 15, 2012**

In this Employee Retirement Income Security Act ("ERISA") case, Leonora Glunt seeks short-term disability benefits under a policy that she had through her employer, which was which was administered by the Life Insurance Company of North America ("LINA"). On January 24, 2012, following oral argument, the Court found that Glunt produced satisfactory evidence that she qualifies as disabled under the policy and granted Glunt's motion for summary judgment and denied LINA's motion for summary judgment. Pending before the Court is Glunt's motion for attorneys' fees. For the reasons that follow, the Court will grant Glunt's motion.

### I.    BACKGROUND

Glunt was a phlebotomist at Quest Diagnostics. LINA provided short-term disability ("STD") coverage for Quest employees. Due to a panic disorder, Glunt stopped working at Quest on April 27, 2010. She filed a claim with LINA for STD benefits on May 3, 2010, which her treating physician Dr. Sisbarro supported with office visit notes and a behavioral health questionnaire claim form. On May 25, 2010, LINA reviewed Glunt's claim and concluded that the record did not support a finding that Glunt was disabled. On June 2, 2010, Glunt appealed LINA's denial of benefits, and her doctors

submitted additional information in support of her claim. On August 23, 2010, LINA reviewed Glunt's record and again found insufficient clinical information to support Glunt's claim for benefits. On August 25, 2010, LINA affirmed its previous decision to deny benefits.

On April 22, 2011, Glunt filed a Complaint in the Lancaster County Court of Common Pleas, which LINA removed to this Court on May 12, 2011. The parties filed cross-motions for summary judgment. The Court granted Glunt's motion for summary judgment after finding sufficient evidence that Glunt satisfied the definition of "disabled" under the policy. Glunt now seeks attorneys' fees and costs.

## II.  STANDARD OF REVIEW

A district court has discretion to award a "reasonable attorney's fee and costs of action" under ERISA. 29 U.S.C. § 1132(g)(1). However, fees may only be awarded to a claimant who achieves "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, __ U.S. __, 130 S. Ct. 2149, 2158 (2010). This standard requires more than "trivial success on the merits" or a "purely procedural victory." *Id.* at 2158.

## III.  DISCUSSION

### A.  Glunt Satisfies the "Some Degree of Success" Standard

Glunt has clearly achieved success on the merits of her claim as the Court granted summary judgment in her favor. The Court determined that: (1) Glunt produced evidence satisfactory to show that she was disabled under LINA's policy; (2) LINA's insistence on a statement of severity, intensity, duration, and frequency of Glunt's symptoms to demonstrate functional incapacity added

2

an additional hurdle not required by the policy, and regardless, Glunt's doctors provided such information; (3) LINA's decision to forego an independent medical examination of Glunt, given the subjective nature of her anxiety and its resulting limitations, further limited its ability to evaluate contrary medical evidence; (4) LINA accepted Glunt's doctors' diagnoses but impermissibly refused to accept their prognosis of her resulting limitations; (5) LINA selectively read Glunt's medical records to justify its denial of her claims; and (6) LINA had no reasonable basis to conclude that Glunt could safely and reliably perform as a phlebotomist given her medical condition. Glunt has achieved far more than trivial success on the merits or a purely procedural victory.

      B.      **The *Ursic* Factors Tip in Favor of Glunt**

Prior to the Supreme Court's decision in *Hardt*, courts in the Third Circuit applied a five factor test to determine whether to award attorneys' fees in ERISA cases. *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). In *Hardt*, the Supreme Court held that while not required, after meeting the "some degree of success" test, a court may still consider the five factor test to determine whether to award attorneys' fees. *Hardt*, 130 S. Ct. at 2158 n.8 ("We do not foreclose the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors adopted by the Court of Appeals in deciding whether to award attorney's fees.") (citing Fourth Circuit's five factor test set out in *Quesinberry v. Life Ins. Co. of North Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993)). District courts throughout this Circuit have tended to continue to apply the *Ursic* factors after determining the success on the merits. *See, e.g.*, *Templin v. Independence Blue Cross*, Civ. A. No. 09-4092, 2011 WL 3664427, at *4 (E.D. Pa. Aug. 19, 2011) (applying *Ursic* factors); *Howley v. Mellon Fin. Corp.*, Civ. A. No. 06-5992, 2011 WL 2600664, at *1 (D.N.J. Jun 27, 2011) (noting that *Ursic* factors are not required and bear

no relationship to 1132(g)(1) test but applying the factors nonetheless).

Since both Plaintiff and Defendant addressed the *Ursic* factors in their briefs, and because the Court finds them helpful in guiding its discretion, the Court will evaluate the *Ursic* factors here. However, the factors are flexible guidelines, and no single factor is determinative. *Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Brockway Fast Motor Freight Co.*, 130 F.R.D. 314, 325 (D.N.J. 1989).

The five *Ursic* factors are: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position." *Ursic*, 719 F.2d at 673. There is no presumption that a successful plaintiff in an ERISA lawsuit recovers attorneys' fees in the absence of exceptional circumstances, nor is there a presumption that exceptional circumstances are required for prevailing plaintiffs to be entitled to attorneys' fees. *Tomasko v. Weinstock*, 255 F. App'x 676, 680 (3d Cir. 2007) (citing *McPherson v. Emps.' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 254 (3d Cir. 1994)). Rather, "the defendant in an ERISA action usually bears the burden of attorney's fees for the prevailing plaintiff or plaintiff class, thus encourag[ing] private enforcement of the statutory substantive rights, whether they be economic or noneconomic, through the judicial process." *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000) (quoting Report of the Third Circuit Task Force, Court Awarded Attorney Fees 15 (1985), *reprinted in* 108 F.R.D. 237, 250).

Under the first *Ursic* factor, attorneys' fees may be awarded upon a showing of bad faith or an ulterior motive, as well as by blameable or reprehensible conduct involving the breach of a legal

4

duty or the commission of a fault. *McPherson*, 33 F.3d at 257. Such conduct requires a showing of more than simple negligence, but does not require a showing of malice or a guilty purpose. *Id.* While LINA correctly contends that the Court did not hold that LINA's denial was with a sinister purpose, the Court did find that LINA ignored numerous statements by Glunt's doctors, particularly with regard to restrictions and limitations, even though LINA did not conduct its own independent medical evaluation to justify lesser limitations. LINA's selective reading of the medical record and selective acceptance of Glunt's doctors' diagnoses and treatments was a breach of LINA's legal duty under the policy. Additionally, LINA's insistence that Glunt satisfy requirements not included in the policy is blameworthy. The Court finds that the first factor weighs in favor of Glunt and against LINA.

The second factor is not disputed by LINA, and this Court has previously found that LINA has the ability to pay an award of fees. *See Matson v. AXA Equitable Life Ins. Co.*, Civ. A. No. 10-5361, 2011 WL 4345848, at *10 (E.D. Pa. Sept. 15, 2011).

The Court finds the third factor—deterrent effect—most compelling in its decision to award attorneys' fees in this case. This factor requires courts to consider whether an award of attorneys' fees would serve the objectives of ERISA by dissuading similar conduct in the future. The Third Circuit has noted the deterrent value in ERISA cases when the behavior falls "short of bad faith conduct," finding that when culpability has been shown, a fee award will make a plan "less likely and not so quick to deny benefits to other participants and thus be 'a deterrent factor.'" *McPherson*, 33 F.3d at 258 (internal quotation marks omitted).

Glunt produced evidence sufficient to demonstrate that she was disabled under the policy, but LINA cherry-picked the evidence in the record and ignored Glunt's doctors' assessments of her

restrictions in order to deny her claim. LINA's plan administrators cannot substitute their judgment on the practical and functional effects of a doctor's diagnosis. Furthermore, LINA failed to consider the tasks of a phlebotomist when determining whether Glunt could perform the duties of her occupation. While Glunt's doctors considered the duties of the typical phlebotomist in finding that Glunt was restricted from working, LINA rejected Glunt's arguments of being overworked as unique to her job site and not typical for phlebtomists in the national economy, never explaining how a phlebotomist with panic attacks, sleep deprivation, difficulty concentrating and a low GAF score could safely and reliably serve patients.

Plaintiff contends that the fee-shifting provision provides a particularly significant deterrent effect in an STD benefits case like this in which the amount of benefits at stake is substantially less than the cost of litigation. Plaintiff notes that "[m]ost plaintiffs are not capable of paying counsel hourly to represent them in such a case and even if they were they would have to consider whether it is worth spending up to $27,235 plus costs to chase $11,388 of disability benefits." (Pl.'s Br. in Supp. of Mot. for Att'ys' Fees and Costs at 3.) The Court agrees and recognizes that when the stakes are high, counsel can afford to take on an ERISA action, thereby ensuring that plan administrators act mindfully in their review of medical evidence in the record. The fee-shifting provision helps ensure that administrators act with similar care when the stakes are low, such as here, in short-term disability cases. An award of attorneys' fees in this case may deter plan administrators from wrongfully denying benefits and selectively considering evidence in the medical record. The third factor weighs in favor of awarding attorneys' fees.

The fourth factor also weighs against LINA because other members of LINA's plan would receive a common benefit if LINA were to be deterred from future culpable conduct. Although

6

Glunt's action only sought individual benefits and did not seek relief on behalf of others or an official change in policy that would affect other claimants, the facts in this case are not so unique that other plan members would not benefit from an award of attorneys' fees in this case. Rather, LINA's future consideration of all available and relevant medical evidence would benefit all plan members. *See Connor v. Sedgwick Claims Mgmt. Servs., Inc.* Civ. A. No. 09-1140, 2012 WL 608483, at *3 (D.N.J. Feb. 23, 2012). This Court has considered multiple cases involving LINA's impermissible denial of benefits under ERISA. *See, e.g.*, *Matson*, 2011 WL 4345848; *Farina v. Temple Univ. Health Sys. Long Term Disability Plan*, Civ. A. No. 08-2473, 2009 WL 1172705 (E.D. Pa. Apr. 28, 2009). The Court finds that a common benefit among plan members is achieved when LINA properly considers medical evidence in the record, thereby reducing the need for costly and time-consuming litigation to achieve the proper outcome.

Finally, the fifth factor—the relative merits of the parties' legal positions—also weighs in favor of Glunt and against LINA. This factor does not favor Glunt simply because she prevailed in this action. *See Brown v. Cont'l Cas. Co.*, Civ. A. No. 99-6124, 2005 WL 1949610, at *2 (E.D. Pa. Aug. 11, 2005). Rather, this factor "considers the losing party's position relative to the prevailing plaintiff's. The question is not whether, but how much, this factor weighs in favor of the prevailing party." *Addis v. Ltd. Long-Term Disability Program*, Civ. A. No. 05-357, 2006 WL 2387087, at *3 (E.D. Pa. Aug. 3, 2006). The Court agrees with LINA's contention that its position did not wholly lack merit. However, in reaching its position, LINA failed to comprehensively review the medical record and failed to consider how Glunt could perform the duties of the typical phlebotomist. LINA concedes that its decision to forego an independent medical examination can weigh against the merits of its argument, but argues that it should tip "only slightly in favor of awarding fees." (Mem.

of Law of Def. LINA in Opp'n to Pl.'s Mot. for Att'ys' Fees and Costs (quoting *Matson*, 2011 WL 4345848, at *11).) A comparison of the relative merits of the parties' legal positions demonstrates that Glunt's position has greater merit.

### C. Amount of Award

Plaintiff contends that she is entitled to $26,650.00 in attorneys' fees and $378.92 in costs. This amount breaks down to 81.7 attorney hours at a rate of $325 per hour and 1.3 paralegal hours at a rate of $75 per hour. LINA does not dispute the number of hours spent, rates, or necessity for the expenditures. Given that Defendant has not objected to the reasonableness of the requested fees and costs, the Court will accept this amount as reasonable. *See United States v. Eleven Vehicles*, 200 F.3d 203, 212 (3d Cir. 2000) ("A district court may not 'decrease a fee award based on factors not raised at all by an adverse party.'") (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)); *Cunningham v. City of McKeesport*, 753 F.2d 262, 266 (3d Cir.1985), *vacated on other grounds*, 478 U.S. 1015 (1986), *reinstated*, 807 F.2d 49 (3d Cir. 1986) ("[W]hen an opposing party has been afforded the opportunity to raise a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure, and declines to do so, no reason occurs to us for permitting the trial court to disregard uncontested affidavits filed by a fee applicant.").

### IV. CONCLUSION

Having determined that Glunt achieved success on the merits, the Court has applied the *Ursic* five factor test and finds that all five factors weigh at least slightly in favor of Glunt. For the foregoing reasons, the Court grants Plaintiff's motion for attorneys' fees pursuant to 29 U.S.C. § 1132(g). An Order consistent with this Memorandum will be docketed separately.

9